

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ned McDaniel
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. O-999
Re: Necessity for the state to allege
or prove the negative of circum-
stances set out in Article 666-23
(a) subdivision 1, Vernon's Penal
Code of the State of Texas.

Your request for an opinion on the following ques-
tion:

"Is it necessary for the state to allege or
prove the negative of circumstances set out in
Article 666-23 (a) subdivision 1?"

has been received by this office.

We have read Article 666-23 (a) subdivision 1 of
the Texas Liquor Control Act of Vernon's Penal Code of the
State of Texas, which said subdivision of said article we
quote in full as follows:

"(1). It is provided that any person who
purchases alcoholic beverages for his own con-
sumption may transport same from a place where
the sale thereof is legal to a place where the
possession thereof is legal."

In our opinion, your question is answered by Judge
Lattimore in Baker's vs. State, 106 S. W. (2d) 308, in which
the court said:

"From what we have said above, and as far
as we have been able to ascertain, our courts
have uniformly held that when the Legislature
sees fit to create exceptions to the general
penal provisions of a statute if such exceptions

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



be placed in a separate section or article from the
one containing the definition of the offense, or if
they be not such as to be essential to the defini-
tion of the offense, it will not be necessary to
negative such exceptions in the indictment charging
such offenses. This rule seems uniformly adhered
to even though the exceptions referred to had in
some former enactment, been written into the enact-
ing clause of the offense in such way as to cause
this court to hold it necessary for same to be nega-
tived in the indictment charging such offense. We
feel impelled to say that if there be possibly an
exception to the rule above mentioned, it must be
when the exception or omission is of the very gist
of the offense, and then same would have to be nega-
tived in the indictment, no matter where its loca-
tion in the statute, and the Legislature, in such
latter cases could be powerless to enact a statute
making it unnecessary to negative such an exception,
and this as stated, whether such exception be in the
article defining the offense or be in a separate ar-
ticle. In other words, if the thing forbidden by
the particular statute under consideration could not
be proved or the case could not be made out without
proof of the so-called exception or omission, then
said exception would be a necessary element of the
offense, and its existence should be negatived in
the indictment."

The holding in the Baker case is supported by that in
Sewell vs. State, 106 S.W. (2d) 321.

The real test seems to be, that if the exception be of
such form and character as that a prima facie case could be made
out against the accused for the violation charged without proof
of the omission, or exception, then clearly the omission or ex-
ception need not be alleged. If, on the other hand, the omis-
sion or exception is the very gist of the offense, and a prima
facie case could not be made out without the proof of such omis-
sion or exception, then such omission or exception should be al-
leged in the complaint.

It is our opinion that under circumstances set out in
Article 666-23 (a), Subdivision 1, the omission or exception is
not the gist of the offense, and that a prima facie case might
be made out without proof of such omission or exception, and
that, therefore, a complaint charging an offense under this Ar-
ticle, and under Subdivision 1 of same, need not have set forth
therein such omissions and exceptions.

Honorable Ned McDaniel, Page 3

        In support of this holding, we cite, in addition to the cases heretofore referred to in this opinion, the following cases:

        Taylor vs. State, 106 S.W. (2d) 1056
        Thomas vs. State, 114 S.W. (2d) 562
        Parker vs. State, 106 S.W. (2d) 313
        Fogle vs. State, 111 S.W. (2d) 246

        In support of this conclusion we also refer you to Section 9 of the Texas Liquor Control Act, which reads as follows:

        "It shall not be necessary for any information, complaint or indictment to negative any exception contained in this Act concerning any prohibited acts; provided, however, that any such exception made herein may be urged as a defense by any person charged by such complaint, information, or indictment."

        We trust that this satisfactorily answers your inquiry.

                        Yours very truly

                    ATTORNEY GENERAL OF TEXAS

            By      Fred C. Chandler
                        Fred C. Chandler
                        Assistant

FCC:FG

            APPROVED SEP 14, 1939

            ATTORNEY GENERAL OF TEXAS